**SIGNED this 1st day of July, 2015**

_____
Shelley D. Rucker
UNITED STATES BANKRUPTCY JUDGE

_____

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF TENNESSEE
# SOUTHERN DIVISION

In re:

JENNIFER LYNN JOHNSON,

    Debtor.

No. 1:14-bk-14558-SDR
Chapter 13

## MEMORANDUM

Vanderbilt Mortgage and Finance, Inc., is before the court on the objection to confirmation of the debtor's chapter 13 plan filed on October 20, 2014. The objection asserts that the plan may not be confirmed because it would modify the creditor's rights with respect to the debtor's home mortgage in violation of 11 U.S.C. § 1322(b)(2). The issue presented is whether Vanderbilt is secured "only by a security interest in real property that is the debtor's principal residence" such that § 1322(b)(2) applies and modification is prohibited.

    **I.**    **Facts**

The parties have stipulated to the following pertinent facts. On or about February 22, 2010, CMH Homes, Inc., and the debtor entered into a Manufactured Home Retail Installment

Contract and Disclosure Statement, whereby the debtor purchased a 2010 CMH Classic manufactured home and agreed to pay for the home by making monthly payments of principal and interest to the assignee of the contract, Vanderbilt, for 360 months with the last payment due on or about March 1, 2040. The payments are in the amount of $566.34 per month and the interest rate is 6.74% *per annum*. The debtor granted the seller or its assignee a security interest in the manufactured home being purchased. Also on February 22, 2010, the debtor granted the seller a security interest in the real property in Polk County, Tennessee, where the manufactured home is located, by a deed of trust in favor of a trustee for Vanderbilt's benefit. The deed of trust was recorded and there is no dispute that Vanderbilt holds a validly perfected security interest in the real estate and the manufactured home.

The dispute in this case arises because the mobile home is not located entirely on the real property. A survey obtained by the debtor on March 31, 2005, shows that the manufactured home straddles the debtor's property line. About one-third of the home is situated on a neighbor's property and two-thirds of the home is located on the real property owned by the debtor in which Vanderbilt holds a security interest. A deck attached to the manufactured home is located on and attached to the debtor's real property, but the parties have stipulated to no additional facts regarding the extent to which the manufactured home is affixed to the land. The driveway the debtor uses for access to the mobile home is located on the neighbor's property.

The debtor filed a voluntary petition for relief under chapter 13 of the Bankruptcy Code on October 9, 2014. Vanderbilt filed a proof of claim in the amount of $80,307.84. The debtor has proposed a chapter 13 plan providing for the treatment of Vanderbilt's claim as a secured claim to the extent of $15,000.00, with the secured claim to be paid with an interest rate of 4% *per annum* in installments of $600.00 per month. The remainder of the debt to Vanderbilt is

2

treated as a nonpriority unsecured claim, and the plan provides for holders of such claims to receive a *pro rata* distribution of the funds remaining after payments on secured and priority unsecured claims. The plan was confirmed on April 10, 2015, but confirmation is subject to *de novo* review upon Vanderbilt's objection.

**II.    Analysis**

    **A.    The Anti-Modification Provision Applies Only to Real Property.**

The Bankruptcy Code provides that a chapter 13 plan may "modify the rights of holders of secured claims," except that it may not modify "a claim secured only by a security interest in real property that is the debtor's principal residence." 11 U.S.C. § 1322(b)(2). Before § 1322(b)(2) is applicable, two conditions must be satisfied. First, the collateral must constitute the "debtor's principal residence." Second, the collateral must be real property. *See, e.g.*, *Reinhardt v. Vanderbilt Mortgage and Finance Inc. (In re Reinhardt*, 563 F.3d 558, 562 (6th Cir. 2009).

Section 101(13A) defines the "debtor's principal residence as "a residential structure, including incidental property, without regard to whether that structure if used as the principal residence by the debtor is attached to real property; and (B) includes…a manufactured home …if used as the principal residence of the debtor." 11 U.S.C. § 101(13A). The definition of principal residence does not, however, address the second prerequisite that the collateral be real property. A mobile home may, according to the statutory definition, constitute the "debtor's principal residence" even if it is not attached to real property, but that does not mean that the home constitutes "*real property* that is the debtor's principal residence."(Emphasis added.) Thus, the prohibition against modification in § 1322(b)(2) does not apply to claims secured by residences that do not constitute real property. As the United States District Court for this district has explained:

3

> Under [the] majority view, courts have determined that the definition recognizes the reality that a debtor's principal residence may be personal property, as with a mobile home, or situated upon land which the debtor owns, as with a condominium unit. Section 101(13A)(A) thus encompasses all sorts of residential structures, including mobile units, and makes clear that a structure does not have to be attached to real property to be a debtor's principal residence. Yet the anti-modification provision simply applies to a subclass of debtors' principal residences as defined by § 101(13A)(A): namely, those principal residences which are real property. As one court recently stated, "[i]mposing the definition of 'debtor's principal residence' on Section 1322(b)(2) results . . . in the . . . proposition that property can be a debtor's principal residence even if it is personalty, but it cannot be subject to the no-modification provision unless it is realty." Accordingly, following this majority, this court finds that the requirements of the anti-modification provision are 1) that the property in question be real property and 2) that the real property be the debtor's principal residence.

*Shepherd v. EMC Mortgage Corp. (In re Shepherd)*, 381 B.R. 675, 679 (E.D. Tenn. 2008) (citations omitted).

Section 101(13A) makes clear that the manufactured home of the debtor in this case is her principal residence, but it has no bearing on whether the home constitutes real property. The debtor takes the position that the home does *not* constitute real property, because approximately one-third of the manufactured home lies on real property not owned by the debtor and not encumbered by Vanderbilt's security interest.

### B. The Location of the Manufactured Home on Real Property Is Not Determinative of Its Status as Real Property.

The Sixth Circuit has previously held that a security interest in the land beneath the manufactured home is not determinative of whether the anti-modification provision applies. *Reinhardt*, 563 F.3d at 563. In that case, the court addressed an objection to a plan which sought to modify the terms of a creditor who held a security interest in the manufactured home used as the debtor's principal residence and an interest in the land beneath it. The court found that the manufactured home was personal property under Ohio law and that modification was permissible. The

4

court specifically rejected the creditor's argument that that the language of section 1322(b)(2) should be read to mean that the creditor "must have a security interest in real property[t]hat contains the debtor's principal residence." *Id.* at 563. It looked to state law to determine the status of the manufactured home.

Absent a countervailing federal interest, courts should look to state law to determine the property rights included in a debtor's bankruptcy estate. *Butner v. United States*, 440 U.S. 48, 55 (1979). "The applicable state law being that of Tennessee, this court must determine whether Tennessee considers mobile homes to be real or personal property." *Shepherd*, 381 B.R. at 680. "In Tennessee, mobile homes are generally considered personal property when not permanently affixed to land. This is particularly true where . . . the debtor does not own the land upon which the mobile home sits." *Id.* The parties have not stipulated to any facts regarding the degree to which the manufactured home is attached to land. Rather, the parties have focused on the fact that a portion of the home is located on property not owned by the debtor and in which Vanderbilt does not hold a security interest.

The debtor relies on the *Shepherd* case, in which the court held § 1322(b)(2) inapplicable because "the debtor does not own the real property on which [the mobile home] sits and it does not appear to be affixed permanently to the land." *Id.* However, in this case, two-thirds of the mobile home *does* sit on land owned by the debtor and in which Vanderbilt *does* hold a security interest. A similar situation was presented in *Eastern Savings Bank, FSB v. LaFata (In re LaFata)*, 483 F.3d 13 (1st Cir. 2007), in which the debtor's home straddled a property line, with eight to ten feet of the house – essentially only the deck -- situated on land that the debtor owned and in which the creditor held a security interest, *id.* at 15-16, 19. The bankruptcy court held that this nominal portion of the house lying on the debtor's land was not sufficient for § 1322(b)(2) to

apply, and the appellate courts all affirmed.[1] *Id.* at 19-21. However, the courts suggested that the result might be different if "the main part, the principal part, or even an important part" of the residence was located on the debtor's land, *id.* at 19, although the First Circuit expressed "no view on the question of how much of a residence must be on the secured property for it to no longer be an 'encroachment,' except to say that it is more than appears in this case," *id.* at 21 n.14.

Because a significant portion of the manufactured home is located on real property owned by the debtor and securing Vanderbilt's claim, this court holds that Vanderbilt is not deprived of the protection of § 1322(b)(2) merely by virtue of the fact that about a third of the debtor's manufactured home is located on a neighbor's property.[2] Based on the current state of the record, however, the court still cannot determine whether the plan may be confirmed over Vanderbilt's objection, since the parties have not stipulated to any facts regarding the extent to which the home is attached to land which would allow the court to decide the issue of whether the home is real or personal property. Absent an agreement regarding the plan's treatment of the claim or further stipulations regarding the "attachment" issue, it appears that the court will need to schedule an evidentiary hearing on Vanderbilt's objection to the extent not resolved by this memorandum opinion.

### III.   Conclusion

The court will enter an order sustaining the objection to confirmation filed by Vanderbilt Mortgage and Finance, Inc., to the extent that it asserts that 11 U.S.C. § 1322(b)(2) is not ren-

---

[1] The courts reasoned that the debtor's land was not his residence because his house was actually located almost entirely on the neighboring property, i.e., that the debtor did not reside on the land he owned. There was no issue regarding whether the house constituted real property, since it was a traditional house rather than a mobile or manufactured home.

[2] As in *LaFata*, this court expresses no view on the question of how much of a residence must be located on land owned by the debtor and encumbered by the creditor's security interest to trigger the anti-modification provision, except to say that it is a sufficient portion in this case.

6

dered inapplicable on account of one-third of the debtor's manufactured home being situated on adjacent land not owned by the debtor or encumbered by Vanderbilt's security interest. The order will schedule a further status conference for the purpose of determining whether and how the remaining issue presented by the objection will be resolved, including whether an evidentiary hearing should be scheduled regarding the degree to which the manufactured home is attached to land.

# # #